## (May 30, 1974)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. STANLEY SENECA, Appellant.— Judgment insofar as it imposes sentence unanimously modified as a matter of discretion in the interest of justice to reduce the sentence to time served and otherwise judgment affirmed. Memorandum: The appellant, Stanley Seneca, has appealed claiming that his sentence to an indeterminate term at Attica for a minimum period of not less than two years and not more than four years upon a conviction for burglary in the third degree, imposed on October 1, 1973, was harsh and excessive under all the circumstances of his case. While in high school during 1965–1967 this appellant commenced a criminal career which ended in his apprehension and a plea in Federal court in 1969 for burglary and conspiracy, and a plea to burglary in a State court in 1971. The crime to which the appellant pled guilty in State Supreme Court was committed on March 20, 1967 when appellant was 19 years old. Appellant and an accomplice, pretending to be deliverymen, gained entrance at night to the home of Janet Taylor Caldwell Reback for the purpose of stealing her jewels. Mrs. Reback, her husband and a maid were present in the home at the time. During the attempt Mrs. Reback was struck on the head and back with the butt of a gun by appellant's accomplice. Appellant was sentenced for his part in this crime to a two- to four-year term in Attica. The facts before us reveal that prior to the imposition of this State court sentence, which appellant is presently serving, he had been sentenced upon his 1969 guilty plea by the United States District Court for the Western District of New York on January 12, 1970 to a total term of eight years in the Federal Penitentiary at Lewisburg. It is the appellant's contention that while serving the Federal sentence he rehabilitated himself. A complete review of his record shows that the appellant is a full-blooded American Indian who was reared on the Seneca Indian Reservation. He moved to Buffalo at age eight, attended local and area high schools, and proved to be gifted with a high I. Q. and exceptional artistic talent. He commenced serving his eight-year Federal sentence in January, 1970. Although eligible for Federal parole in July, 1972, appellant waived parole in order to complete a college course which he successfully did in January, 1973. At that time he received an Associate of Applied Science Degree (Dental Technology) from Williamsport Area Community College. He was the first Federal inmate to earn a college degree while incarcerated.

He was graduated on the dean's list and his adjustment was excellent according to his teachers, supervisors, advisors, correctional officers at Lewisburg, the chaplain at the prison and the prison guards at Lewisburg. Appellant was released on Federal parole on August 6, 1973. Thereafter, for his 1967 crime appellant was sentenced on August 29, 1973 and resentenced October 1, 1973 by State Supreme Court to Attica. We have concluded that this defendant has rehabilitated himself during his four years and five months in prison for crimes committed seven or eight years ago, and that he has earned the opportunity to live on the outside. We believe that defendant's record while in prison demonstrates that he has recognized the error of his ways and that he wants to rejoin society as a useful citizen. Accordingly, in the interest of justice the defendant's sentence should be reduced to the time he has already served (CPL 470.15, subd. 3, par. [c]). (Appeal from judgment of Erie Supreme Court resentencing defendant following conviction for burglary, third degree.) Present — Marsh, P. J., Cardamone, Simons, Mahoney and Goldman, JJ.